### FAIRMAN *against* BACON.

The adjustment of an executor's account, which always precedes a settlement of the estate, is strictly and properly matter of accounting, in relation to which all parties in interest may testify.

Therefore, where *A.*, administrator of *B.*, who before and until his death was executor with *C.* of *D.*, applied to the court of probate for a settlement of *B.*'s account, claiming to have certain payments made by *B.* for the benefit of *D.*'s estate, allowed; it was held, that

*Litchfield,*
June, 1831.

Fairman
*v.*
Bacon.

*C.*, though a party to the proceeding, and interested in the event, was an admissible witness to disprove such claim.

Though it is generally true, that a matter once litigated and decided, by a court of competent jurisdiction, shall not afterwards be brought in controversy between the same parties; yet to make a former judgment or decree evidence of any fact found thereby, such fact must have been necessary to uphold that judgment or decree; and to create an estoppel, such fact must have been directly put in issue, and it must so appear on the record.

Therefore, where on a bill of foreclosure, the defence was, that the mortgagor had paid the mortgage debt in part; and the court found, that after the death of the mortgagee, the mortgagor, being his executor, made certain payments to a third person, on a note given by the mortgagee, to that person, and which it was the duty of the mortgagee to pay, but did not find, that such payments were made at the request of any person authorized to make such request, nor under an agreement of any person having authority for that purpose, that they should be applied in part payment of the mortgage debt; and thereupon a decree of foreclosure was passed in opposition to the claim of the mortgagor; in a subsequent suit, by the administrator of the mortgagor, against the representative of the mortgagee, for the sums of money so paid by the mortgagor, it was held, that such finding could not be used as an estoppel, nor was it admissible as evidence to prove such payments.

THIS was an appeal from a decree of the court of probate for the district of *Woodbury*, passed on the 10th of *June*, 1829, dismissing the petition of *James B. Fairman*, administrator of the estate of *Timothy Shepard*, deceased, against *Orphia Bacon*, sole surviving executor of the will of *Garry Bacon*, deceased. The petition stated, that *Shepard*, [who had been executor with *Orphia Bacon* of *Garry Bacon*,] died during the time he was executor, without having settled his accounts with the testator's estate; that while he was executor, he paid to *Daniel Beers* two sums of money, *viz.* 400 dollars and 246 dollars, 16 cents, amounting to 646 dollars, 16 cents, and rendered services to the amount of 150 dollars, for which he never had any assets of the testator's estate, and was never, in any way, compensated; that *Garry Bacon* left a large estate after payment of all his debts, now in the hands of said *Orphia*; praying that *Shepard's* accounts might be settled and adjusted, by the court of probate, and that the amount due to his estate might be allowed out of *Garry Bacon's* estate.

The court of probate, on a hearing of the parties, found, " that there was nothing due from the estate of said *Garry Bacon* to the said *Timothy Shepard*, while in life, nor to his ad-

ministrator, since his death ; and therefore, decreed against the claim. From this decree *Fairman* appealed to the superior court, assigning, as reasons of appeal, the matters stated in his petition ; which were denied, by the appellee. The appellant replied, that she ought not to be admitted to deny, that *Shepard,* while acting as the executor of *Garry Bacon,* made payment to *Daniel Beers* of the several sums of 400 dollars and 246, 16 cents, in full of a note given by *Garry Bacon* to *Beers,* which was the property of *Beers,* and was due and outstanding against *Bacon's* estate, at the time such payments were made ; because said *Orphia Bacon,* as surviving executrix of said *Garry Bacon,* on the 23rd of *June* 1824, brought her bill to the superior court, held at *Litchfield,* on the third *Tuesday* of *August* then next, sitting as a court of chancery, against said *Benjamin B. Fairman,* as administrator of the estate of said *Timothy Shepard,* and against *Moss K. Botsford,* as purchaser of the equity of redemption of the real estate of said *Shepard,* on a sale by order of the court of probate, which bill and the proceedings of the court thereon are of the tenor following. The record in the case of *Bacon* v. *Fairman* & al. reported in 6 *Conn. Rep.* 121–130. including the bill and final decree, were then set forth in *hæc verba.* The decree in that case found, That *Shepard,* in his capacity of executor of the will of *Garry Bacon,* made payment to *Daniel Beers,* on the 3rd of *September* 1821, of the sum of 400 dollars, and on the 13th of *January* 1822, the further sum of 246 dollars, 16 cents, in full of a note, which had been given by *Bacon* to *Beers,* and which was the property of *Bacon,* at the time of his death : but that there was no evidence that these payments were made at the request either of *Bacon* himself n his life-time, or of his widow and executrix after his decease, or of any other person authorized to make such request ; or upon any agreement of any person having authority to make it, that they should be applied in part payment of the note described in the condition of the mortgage set forth in the bill. The court thereupon decreed a foreclosure, unless the whole mortgage debt, certain rents and profits being first deducted, should be paid within the time limited for that purpose. The identity of the appellee in this case and of the plaintiff in that, and also of the sums mentioned in the reasons of appeal and in the former decree, was averred.

On the trial of the cause, on this plea of estoppel, the court found the allegations of identity to be true. It was also admitted, by the parties, that *Shepard* had no assets in his hands belonging to *Bacon's* estate, out of which he could have paid the sums of money in question; and if he made those payments at all, (which the appellee denied) he made them with his own money. The appellant then offered said record to prove the other facts stated in the reasons of appeal, claiming it to be conclusive evidence of those facts. To the admission of this evidence the appellee objected; and court wholly excluded it.

The appellant having adduced other and material evidence to prove the facts stated in his reasons of appeal, the appellee offered herself as a witness to testify relative to such facts and the merits of the cause; to whose competency the appellant objected; but the court overruled the objection and admitted her.

On the whole case, the court found the matters in controversy in favour of the appellee; and thereupon the appellant moved for a new trial.

*J. W. Huntington* and *T. Smith*, in support of the motion, contended, 1. That the decree on the bill in equity finding that *Shepard* paid certain sums of money to *Daniel Beers*, on *G. Bacon's* note, ought to have been received. For the purposes of this case, it is immaterial whether this decree can be pleaded as an estoppel, or is merely evidence; for it was wholly excluded. If it was proper for any purpose, it should have been received.

First, it is an estoppel; because all the requisites to constitute it such, exist. 1. It is between the *same parties* or *privies*. 2. It relates to the same *subject matter*. 3. The precise fact was *directly put in issue*, and *expressly found*, by a court of competent jurisdiction. 4. The fact was *material*. The question of materiality is to be determined with reference to the state of the pleadings of the parties. If it constitutes an essential part of the claim or defence, it is material. A few cases analogous to the present, will illustrate the principle. A bill in equity is brought to settle a partnership account, alleging a partnership, and then facts as ground of relief; the court find the partnership for the plaintiff, and all other facts against him, and dismiss the bill; when a second bill is brought, is not

*Litchfield,*
June, 1831.

Fairman
*v.*
Bacon.

the former finding of partnership, *conclusive*, or at least *evidence?* A bill to foreclose is brought, alleging an absolute deed and a defeasance ; the court find the former fact, but not the latter, and the bill is dismissed ; would not that finding be evidence between the same parties, in a suit at law, as to title to that land, by that absolute deed ? A bill in equity is brought to have notes in the hands of the defendant given up ; the defendant denies all the facts specifically ; the court find, that the notes were executed and delivered to the defendant, but find no agreement to deliver them up ; in a subsequent suit on the notes, is not the finding evidence of the *execution* of the notes ?

Secondly, if this record was not an estoppel, it was clearly evidence, conclusive or otherwise. The decree covers the whole ground now in controversy. The parties have had their day in court. The matters of fact have been investigated and decided, by a competent tribunal. 1 *Stark. Ev.* 191. 194, *Church* v. *Leavenworth,* 4 *Day* 274. *Kinnersley* v. *Orpe, Doug.* 517. *Betts* v. *Starr,* 5 *Conn. Rep.* 550.

2. That *Orphia Bacon*, the appellee in this case, was not a competent witness to testify in her own favour. In book debt, the party is not an *unlimited* witness. *Phenix* v. *Prindle, Kirb.* 290. *Weed* & al. v. *Bishop,* 7 *Conn. Rep.* 128. The general principle recognized in these cases, is, that as the permitting of a party to testify at all, is repugnant to a plain rule of the common law, the operation of the statute must be limited to the *necessity* on which it is founded. The statute is itself an anomaly in jurisprudence. There is no necessity nor cogent reason for resorting to such testimony, in this case.

*Benedict* and *Bacon,* contra, contended, 1. That the record in the former suit was inadmissible. They admitted, that when a fact has been directly put in issue and decided between the parties, and forms the basis of the judgment or decree in the case, they are not at liberty to litigate it again. But, they insisted, to make this rule applicable, the *same* fact must be put in issue and found ; and if several things go to make up the general fact, *all* must be found. The question on the former trial, was, whether *Shepard* had paid a certain note. On the trial of this cause, it was, whether he, as executor on *Bacon's* estate, had paid money, for which he ought to be allowed in account against that estate. The two claims were

directly at war with each other. The latter proceeded upon the very principle, that if he did pay the money to *Beers*, it was not to *discharge* a debt which he owed to *Bacon*, but to create one against his estate. The facts put in issue were, therefore, entirely different; and the evidence adduced to establish them, was relevant and proper, perhaps, on one issue, but wholly irrelevant and improper, on the other. In the case of *Ryer* v. *Atwater*, 4 *Day* 431. 434. the court say, " that when there are several distinct facts which constitute the points contested between the parties, no authority can be found, that will warrant the admission of a verdict as evidence to prove *one* of the several facts put in issue." In that case, the fact offered to be shewn, by the verdict on the first trial, was in issue, and was a relevant fact to that issue. Here, the fact was not in issue; and standing by itself, it was neither relevant nor proper.

Should a plea of full payment be made to a note, and the jury should find, that the defendant paid a sum of money to the plaintiff, to be applied, not to the note on trial, but to another note and in full of it; it will hardly be contended, that when that other note shall be in suit, and full payment pleaded, the former finding would be evidence for the defendant: Or, should an accord without satisfaction, be pleaded and found by the jury, that such finding would be evidence in part of the agreement, in a subsequent suit, for the breach of the agreement to accept.

To shew that the precise point to create the estoppel, must have been put in issue and decided, and that it was not so put in issue or decided, on the former trial, the counsel for the appellee relied on *Smith* v. *Sherwood*, 4 *Conn. Rep.* 276. *Betts* v. *Starr*, 5 *Conn. Rep.* 550. 1 *Stark Ev.* 204, 5. & seq.

They further claimed, that the parties are not the same. On the bill in equity, *Fairman*, the administrator, was made a party, merely to give him an opportunity to try the question, whether he had any interest in the mortgage; and it being stated and found, that he had sold all his interest as administrator in the mortgage, under an order of the court of probate, it followed of course, that he had no right to redeem, and no interest as to what was due on the note, such right and interest being in *Botsford*, the purchaser, who alone could properly litigate the question of payment with Mrs. *Bacon*. *Swift* v. *Edson*, 5 *Conn. Rep.* 531.

*Litchfield,*
June, 1831.

Fairman
*v.*
Bacon.

2. That Mrs. *Bacon* was properly admitted as a witness, though interested in the event of the suit. The adjustment and settlement of an executor's account, is strictly and *properly* matter of accounting; relative to which all parties in interest may testify. It is the right and duty of the executor to render his account on oath, as well for his own security, as for the safety of the estate. If *Shepard* were alive, he might thus account; and if he could be admitted to testify, Mrs. *Bacon*, as co-executor, and having a direct interest in the estate, and claiming rights adverse to his, might also be allowed to be heard on oath; and his death cannot deprive her of that privilege. This is understood to have been the uniform practice in the superior court, sanctioned by the Supreme Court of Errors, and in the courts of probate.

DAGGETT, J. The first question which will be considered, is, whether *Orphia Bacon*, the defendant, was a proper witness. She was pronouced so, by the judge at the circuit; and I perceive no objection to that decision. The adjustment of an executor's or administrator's account always precedes a settlement of the estate. It is essential, and hence a matter of duty —duty to himself, and safety to the estate. This adjustment is strictly and properly matter of accounting, in relation to which all parties in interest may testify. It is the right and duty of the executor to render his account to the judge of probate. His bond obliges him to do this. In accounting for property received, and debts and liabilities incurred, his oath may be absolutely necessary; and it is believed, that this practice extensively, if not universally, prevails in our courts of probate, and has been sanctioned by the higher courts.

Were *Shepard*, her co-executor, living, he could account on oath; and the accounts of the executors against the estate would thus be settled. An adjustment between them might be essential; and shall his death vary or affect her rights? I think not.

The great question, however, is, whether the finding and decree in the case of *Orphia Bacon* v. *James B. Fairman* and another (vid. 6 *Conn. Rep.* 121.) can be used, on this trial, as an estoppel or as proof, conclusive or otherwise, against the plaintiff, to disprove the facts in the present cause. It is doubtless true, that a matter once litigated and decided, by a court of competent jurisdiction, shall not, a second time, be brought

in controversy between the same parties ; but they are forever concluded thereby. 1 *Stark. Ev.* 191. 194. There is another principle which has a governing influence on this point ; and that is, the fact found by a former decree or judgment must have been necessary to uphold that decree or judgment, in order to make it an estoppel, or conclusive, or, in general, evidence at all ; and to create an estoppel, such fact or point must have been directly put in issue, and it must so appear on the record. *Outram* v. *Morewood*, 3 *East* 346. *Hopkins* v. *Lee,* 6 *Wheat.* 117. *Kinnersley* v. *Orpe, Doug.* 517, *Smith* v. *Sherwood*, 4 *Conn. Rep.* 276. *Betts* v. *Starr*, 5 *Conn. Rep.* 550. *Denison* v. *Hyde*, 6 *Conn. Rep.* 508. 516, 17. *Abbe* v. *Goodwin*, 7 *Conn. Rep.* 377. 383. *Coit* v. *Tracy*, 8 *Conn. Rep.* 268. 276. *Hotchkiss* v. *Nichols*, 3 *Day* 143. *Ryer* v. *Atwater,* 4 *Day* 431. 434. 1 *Stark. Ev.* 204, 5. & seq. The several positions above are fully supported, by these authorities, and many others, which might be cited. Let these principles be applied as tests on the question whether the former decree between those parties can operate as an estoppel, or as conclusive, or be received as evidence at all.

The question to be tried was, whether *Shepard* had made payment of the note, in whole or in part, which was secured by the mortgage. This might have been shewn, by proof of a payment directly to *Bacon*, in his life-time, or by proof of money paid to *Daniel Beers*, by *Shepard*, under an agreement between him and *G. Bacon*, or a like agreement with *Orphia Bacon*, after she became the owner of the note, *that the money so paid should be applied on the note secured by the mortgage.* It was, indeed, necessary to prove payment of the money to *Beers ;* but it was further necessary, to make such evidence relevant and proper, to shew the other fact, *viz.* that it was paid under an agreement to have it apply as above stated. This was the precise view of this testimony, by the Sup. Court of Errors ; for they decided, that notwithstanding the proof of payment was made, yet that fact was irrelevant without the further fact of an agreement for its application to the mortgage, and in their decree directed, that no deduction should be made from the debt to be paid, *on that account.* The decree in the former cause, then, if it bear at all on the present case, proves the defence set up to this bill ; and of course, it can, in no way, operate against the defendant.

Should a plea of full payment be made to a note, and should

*Litchfield,*
June, 1 831.

the jury find, that the defendant paid a sum of money to be applied in full of *another* note, it will hardly be contended, that when that other note is put in suit, and payment pleaded, the former finding would be evidence for the defendant ; or should an accord without satisfaction be pleaded, and be found by the jury, that such finding would be evidence in part of the agreement, on a suit for an agreement to accept. The truth is, such a finding, in any case, would prove nothing ; nor could it be introduced as evidence of any fact, because the bare statement shews, that it was wholly immaterial and irrelevant, *standing alone.*

I have, in this opinion, made great use of a *brief* furnished by the late lamented Mr. *Benedict*, because I found it presented the argument in that dense yet luminous view, for which that gentleman was so conspicuous, and by which the court were so often instructed and enlightened, and rarely more so than in this, one of his last efforts.

The other Judges were of the same opinion, except Bis-sell, J., who, having been of counsel in a branch of this cause, declined giving any opinion.

New trial not to be granted.