THE HOUSE COLD TIRE SETTER COMPANY *vs.* W. A. INGRAHAM.

First Judicial District, Hartford, January Term, 1910.
BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, JS.

Each default in the payment of money due upon a contract payable in instalments, may be the subject of an independent action.
A judgment for the first instalment of the purchase price of an article is not a bar to an action brought to recover the second or subsequent instalments after the later have become due.
No matter can be barred by a former judgment which could not have been a subject of recovery therein, though such matter may form a part of the transaction out of which the former action arose.
Under a written contract the plaintiff sold a machine to the defendant for which it received $50 on delivery and the defendant's promise to execute and deliver his three notes for $100 each, payable at stated intervals thereafter, none of which were given, the defendant

claiming that the machine did not perform its work. *Held* that when the first $100 became payable, either one of two courses was open to the plaintiff: to treat the contract as broken and sue for damages for its breach, or to treat it as still in force and bring an action for the instalment then due.

Argued January 5th—decided February 3d, 1910.

ACTION to recover a balance alleged to be due for a machine sold to the defendant and payable in instalments, brought to and tried by the Court of Common Pleas in Hartford County, *Coats, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Bernard F. Gaffney,* for the appellant (defendant).

*Charles H. Mitchell,* for the appellee (plaintiff).

RORABACK, J. The plaintiff is a manufacturer of machines for setting tires upon vehicles, at St. Louis, Missouri. The defendant is a blacksmith, at New Britain, Connecticut. In May, 1906, the plaintiff sold by a written contract to the defendant one of its machines for $350. Fifty dollars was paid upon the delivery of the machine. The defendant, in the contract, agreed to execute and deliver to the plaintiff three notes of $100 each, payable, respectively, July 1st, 1906, September 1st, 1906, and December 1st, 1906. The defendant did not execute or deliver any of the notes, claiming that the machine did not perform its work.

Thereafter, on the 28th day of August, 1906, the plaintiff commenced an action before a justice of the peace at New Britain, Connecticut, to recover the sum of $100 alleged to be then due under the contract.

The case was tried, and on November 14th, 1907, a judgment for $100 was rendered in favor of the plaintiff. This judgment was paid and satisfied.

Subsequently, on the 18th day of March, 1908, the plain-

tiff instituted the present action in the Court of Common Pleas against the defendant to recover $200, the balance of the purchase price, and the defendant pleaded in bar the former judgment rendered November 14th, 1907.

Judgment was rendered for the plaintiff for the full amount of $200, with interest, and from this judgment the defendant appeals to this court, alleging error in not sustaining the claim of the defendant that the former judgment was a bar to a recovery, and in not holding that the plaintiff had but one cause of action.

The trial court did not err in holding that the plaintiff had more than one cause of action. After the breach of the contract by the defendant's refusal to give the notes, the plaintiff had the right to treat the contract as broken and bring an action for damages. The court has found that the contract called for the payment of $100 on three different dates. Each default in the payment of money falling due upon a contract, payable in instalments, may be the subject of an independent action. *Burritt* v. *Belfy*, 47 Conn. 323, 329; *Badger* v. *Titcomb*, 15 Pick. (Mass.) 409; *Lorillard* v. *Clyde*, 122 N. Y. 41, 45, 25 N. E. 292. On and after July 1st, 1906, either one of two courses was open to the plaintiff: to treat the contract as broken and sue for damages for its breach, or to treat it as still in force and bring an action for the first instalment then due. No rule of law or practice required the plaintiff to pursue the former instead of the latter. It has been found that the second and third instalments did not mature until after August 28th, 1906, when the plaintiff commenced its first suit. The plaintiff at law must have a cause of action before he comes into court. The second and third instalments could not have been made the basis for any lawful claim in the first action upon the contract. They were not due. *Goodrich* v. *Stanton*, 71 Conn. 418, 425, 42 Atl. 74.

It needs but an inspection and comparison of the records in the two cases to ascertain that the controlling facts in this

case were not in issue in the first suit, were not decided by it, and were not necessary to uphold it. No matter can be barred by a former judgment which could not have been a subject of recovery therein, though such matter may form a part of the transaction out of which the former action arose. *Lovell* v. *Hammond Co.*, 66 Conn. 500, 512, 34 Atl. 511. The judgment of the justice court now invoked as a bar to the present case was an adjudication that on the 1st day of July, 1906, there was $100 due in accordance with the terms of the contract between the parties. In the present action the plaintiff seeks to recover the two instalments which have matured since the commencement of the first suit. "In order to constitute a former judgment an estoppel, or, in other words, to render it conclusive, on any matter, it is necessary that it should appear that the precise point was in issue and decided." *Kennedy* v. *Scovil*, 14 Conn. 61, 68; *Lord* v. *Litchfield*, 36 id. 116; *Hungerford's Appeal from Probate*, 41 id. 322, 327.

There is no error.

In this opinion the other judges concurred.