JOEL H. SOLOMON *vs.* JOHN PACE, TRUSTEE OF
CARMELLA PACE ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.
Argued April 6th—decided May 10th, 1932.

*Sully I. Berman,* for the appellant (plaintiff).

*Andrew D. Dawson,* for the appellees (defendants
Blecher).

PER CURIAM. This is an action to foreclose two
mortgages upon a certain piece of property given by
the defendant Pace, trustee. Hyman Blecher and
Joseph Blecher were made defendants and the com-
plaint alleged that each claimed an interest in the
land by reason of a mechanic's lien he had filed and
caused to be recorded. The complaint asked no other
relief than a decree of foreclosure, possession of the
premises and a deficiency judgment. The trial court
came to the conclusion that the two defendants last
named had valid liens upon the premises but that they
were prior to the mortgages being foreclosed. The
paragraphs of the finding which are not attacked state
that each of these defendants commenced to render
services before either of the mortgages in suit was exe-
cuted; any lien he may have had, if valid, would there-
fore have precedence over the mortgages; General

Statutes, § 5105; and neither would be entitled to be given a day of redemption in the judgment of foreclosure. *Goodman* v. *White,* 26 Conn. 317; 2 Wiltsie, Mortgage Foreclosure (4th Ed.) § 1150. The judgment of the trial court was, upon facts which were not disputed, correct in not giving these defendants law days. The burden of the appeal is that the trial court erred in certain conclusions it stated, that the liens were valid incumbrances and had not been waived and in failing to find that the defendants were estopped to assert them against the plaintiff. No doubt by appropriate procedure these questions might have been brought before the court and properly determined in this action; *Cantoni* v. *Betts,* 70 Conn. 386, 388, 39 Atl. 604; but mere proceedings for a foreclosure would not accomplish that. *Newman* v. *Gaul,* 102 Conn. 425, 434, 129 Atl. 221. When the trial court reached the conclusion that the liens claimed would in any event be prior incumbrances to the mortgages, it had decided the only issue as to them which was properly within the pleadings in this action, and its further conclusion as to their validity and as to the claimed waiver and estoppel, being without the issues raised, would not be res adjudicata. *Gaul* v. *Baker,* 105 Conn. 80, 85, 134 Atl. 250; *Lovell* v. *Hammond Co.,* 66 Conn. 500, 512, 34 Atl. 511; *House Cold Tire Setter Co.* v. *Ingraham,* 83 Conn. 31, 34, 75 Atl. 80. These questions may still be litigated in an action where they are properly raised.

There is no error.