# HARRY ARONS
### *vs.*
## FLORENCE HILLIKER, ET AL.

Superior Court            New Haven County            File #54844

## MEMORANDUM FILED DECEMBER 12, 1938.

Howard Arons, of Ansonia, for the Plaintiff.

Harold E. Drew, of Derby, for the Defendants.

ELLS, J.   There was a motion for deficiency judgment. The appraisers were appointed, and have filed their report.   Judgment was for $3,572.65, and the appraisal was $7,000.   There is a first mortgage for $5,000.

The answer sets up a special defense to the effect that the defendant's obligation was one of guaranty; that the maker died; that his estate is being settled as an insolvent estate; that commissioners found the security was equal to the debt; that in the Probate Court the plaintiff did not file a certificate of election to relinquish his security; that the plaintiff's claim against the maker is discharged, and that the guarantor is therefore discharged.

"Commissioners on an insolvent estate are a special tribunal provided by law to ascertain the debts against the estate, for the sole and exclusive purpose of furnishing to the court of probate a rule for its guidance in the application of the assets

of the estate to the payment of the debts. Their proceedings and decisions therefore can only affect the debt in its relation to the insolvent estate itself. *Loomis vs. Eaton,* 32 Conn. 550. Aside from that they have no binding effect, either upon the debt or the parties." *Bailey vs. Bussing,* 37 Conn. 349, 353.

This in itself is enough to dispose of the claim. It is also apparent that there was no discharge of the primary obligation, the guaranty. The estate is not even discharged. There is merely a bar.

If the claim is that because the plaintiff cannot collect from the maker, he cannot collect from the surety, the case of *Terrell vs. Smith,* 8 Conn. 425, 429, is enlightening. "The terms of the guaranty are, that the note shall be paid; and nothing short of actual payment, or some act or neglect of the creditor, by which the guarantor is prejudiced, will discharge the liability. This is the principle established by all the cases." It is very doubtful, anyway, whether there was any satisfaction of the debt.

The demurrer is sustained.