Logan and others, Respondents, vs. Trayser and another, Appellants.

*September 27 — October 14, 1890.*

*Partnership: Accounting: Contribution:* Res adjudicata.

1. In an action in the names of all the other partners against the heirs of a deceased partner to recover the amount of the firm indebtedness, over and above its assets, chargeable to such deceased partner, an accounting was had and the amount of such indebtedness which each partner was bound to pay was determined. *Held,* that thereafter an action at law might be maintained by partners who had paid the whole of such indebtedness, to recover from the other surviving partners their proportionate share thereof.

2. The defendants in the second action having known that the first action was prosecuted to judgment in their names as plaintiffs, and never having objected thereto, are bound by such judgment, although such first action was commenced without their advice or consent.

3. An adjudication in the first action that the plaintiffs therein had paid all the indebtedness of the firm, was not an adjudication that

each had paid his proportionate share thereof, and therefore does not bar the second action.

4. In the first action the plaintiffs were charged in the accounting with the value of some partnership property then in their possession, such value being applied to reduce the amount of the indebtedness of which each partner was adjudged bound to pay his proportionate share. *Held,* that the defendants in the second action were not entitled to further credit for their share of the value of that property.

APPEAL from the Circuit Court for *Waupaca* County.

In January, 1877, the plaintiffs and defendants and one Dixon formed a copartnership, under the name and style of the New London Stave Company, for the purpose of carrying on a general stave business at the city of New London. There were six equal partners in the firm or company, the defendants, under the firm name *Trayser & Dickinson,* being one of the partners, and Dixon being another. The copartnership continued until April, 1881, when it was dissolved by the death of Dixon. It was then insolvent. The surviving partners proceeded to wind up the affairs of the company, and paid all its indebtedness. After this was done, such surviving partners, including the defendants in this action, brought an action in equity against the heirs of Dixon for an accounting of the copartnership affairs, and to recover of such heirs the amount of the indebtedness of the firm over and above its assets which in equity would have been chargeable to Dixon, as one of the copartners, had he lived. The action was tried and an accounting had therein as prayed. The court found the facts above stated, and that the indebtedness of the stave company, which the plaintiffs had paid, was $11,728.23, one sixth of which, or $1,954.70, was chargeable to the estate of Dixon, and judgment against the heirs of Dixon, who were found chargeable with the latter sum, was entered accordingly. On appeal to this court such judgment was affirmed. 73 Wis. 533.

This is an action at law brought by the plaintiffs, four of the surviving partners in the stave company, to recover of the defendants (who jointly constitute the remaining surviving partner therein) their proportionate share of such indebtedness. The complaint alleges that the plaintiffs paid the whole of such indebtedness. This was proved true on the trial, and is not controverted by defendants. The court directed a verdict for the plaintiffs for the portion of the deficiency found in the *Dixon Case* to be chargeable to each partner, and interest thereon. Judgment was entered pursuant to the verdict, from which the defendants appeal.

For the appellants there were briefs by *F. C. Weed*, attorney, and *Gabe Bouck*, of counsel, and oral argument by *Mr. Weed*.

For the respondents there was a brief by *Gary & Forward*, and oral argument by *C. H. Forward*.

LYON, J. 1. The defendants moved for a nonsuit on the ground that the case involves the necessity of an accounting between the partners in the stave company, and that no action at law can be maintained against them to recover the proportion of the indebtedness of the company chargeable to them, until an accounting shall have been had in equity and such proportion thereby ascertained. The motion was denied, and such denial is assigned as error. We think the ruling correct. Such accounting was had in the action against the Dixon heirs, and the amount of the deficiency which, as between themselves, each partner ought to pay, was there ascertained and adjudged. The defendants were parties to that action, and, under a familiar rule of law, are bound by the adjudication.

In their answer the defendants deny that they consented to be made parties to the Dixon suit, and allege that it was commenced without their advice or consent, and claim that for those reasons they are not bound by the judgment

therein.   They do not deny they knew the suit was com-
menced and prosecuted to judgment in their names as plaint-
iffs, and it does not appear that they ever made any objec-
tion thereto.   They must be held bound by the judgment.

When the judgment was rendered in the *Dixon Case,*
the business affairs of the stave company had been closed,
and no change afterwards occurred in the relations of the
surviving partners to each other, or in their rights or lia-
bilities in respect to each other.   It is plain therefore that
there was no necessity for a further accounting in equity, be-
tween the surviving partners, of the affairs of the company.
Each partner was a surety for the others for the payment
of their respective shares of the deficiency thus ascertained,
and if one of them paid the share of another, he may main-
tain an action at law against such other for money paid for
his use and benefit.   This is such an action.

2. It was alleged in the Dixon suit, and so adjudged, that
the plaintiffs therein had paid all the indebtedness of the
stave company.   Inasmuch as the present defendants were
plaintiffs in that suit it is claimed this is equivalent to an
adjudication that they had paid their due proportion of such
indebtedness, and that the plaintiffs are concluded thereby.
Probably the proportion of the indebtedness of the stave
company paid by each surviving partner might have been
determined in the Dixon suit, but it was not.   It was only
found that the plaintiffs collectively had paid such indebt-
edness.   Had these defendants asked the court to deter-
mine what sum each partner had paid thereon, and to settle
the equities between the surviving partners, doubtless the
court would have done so.   But they made no such re-
quest, and were satisfied with the judgment as rendered.
Under these circumstances it would be most unjust to force
the construction contended for of the judgment in that suit,
and thus relieve the defendants from the payment of money
which the plaintiffs — their sureties — have paid for them,

and which the defendants admit they have not repaid.   We conclude the judgment in the former suit is not a bar to this action.

3. When the accounting was had in the Dixon suit, the surviving partners had on hand a quantity of the machinery of the stave company, which they had removed to Chippewa county.   In the accounting in that action the plaintiffs therein were charged with the value of such machinery, fixed at $1,800.   It is not claimed that it was of any greater value.   The defendants claim, however, that they had nothing to do with the removal of the machinery, and that they should be allowed in this action. their proper share of such value, being $300.   This claim cannot be allowed.   The value of the machinery has been applied to the payment of the indebtedness of the stave company, and reduces the recovery in this action just $300.   The removal of it to Chippewa county without defendants' consent is of no significance.   The matter stands precisely as it would have stood had the surviving partners, or any of them, sold the machinery while it was at New London for $1,800, and with the proceeds of the sale canceled to that amount the indebtedness of the stave company.   In either case the defendants realized their share of such proceeds by a corresponding reduction of the indebtedness of the stave company for which they were liable.

The law being with the plaintiffs, and there being no controversy on the facts, the court properly directed a verdict for the plaintiffs for the sum they had paid for the defendants, and interest thereon.

*By the Court.*— The judgment of the circuit court is affirmed.