JOHN E. HANSON, APPELLEE, V. HANS E. HANSON, APPELLANT.

FILED APRIL 17, 1902.     No. 11,560.

Commissioner's opinion, Department No. 3.

Former Judgment: DEFINITION OF RES JUDICATA. A former judgment is conclusive when the parties and the question involved in the two suits are the same, although the property claimed in them may be different.

APPEAL from the district court for Wayne county. Heard below before CONES, J. *Reversed.*

*A. A. Welch,* for appellant.

*Marston & Marston* and *Frank Fuller, contra.*

ALBERT, C.

This is an action to quiet the title to certain lands in Wayne county. The petition contains the usual allegations. The answer admits that the plaintiff holds the legal title to the lands, but avers, in effect, that at the time such title was acquired the plaintiff and the defendant were copartners, and said title was acquired with the funds of said copartnership, and taken in the name of the plaintiff in trust for its use and benefit, and that no accounting or settlement of the partnership affairs has ever been had between said parties. As a further defense, it is alleged that in an action in ejectment, brought by the plaintiff against the defendant herein, to recover possession of a

part of the lands in controversy in the present action, the defendant pleaded in defense thereto the same facts as those hereinbefore set forth; that issue was joined thereon, and that, on the issue thus joined, the jury found in favor of the defendant, and judgment thereon was duly rendered in his favor; and that such judgment is in full force and effect. The foregoing matters are put in issue by the reply. As to the lands involved in the ejectment suit, the court found in favor of the defendant; as to the other lands, the finding was for the plaintiff. A decree was entered accordingly. The defendant appeals.

The principal question, and the decisive one in this case, is that raised by the plea of *res adjudicata.* The record and the evidence in the ejectment suit are in evidence in this case. From those it conclusively appears that, except for the plea of *res adjudicata,* the defendant pleaded the same defense that is pleaded in this action. It also appears that the title to the whole of the lands involved in the present action, including those involved in the ejectment suit, was acquired at the same time, and, so far as the parties to this suit are concerned, in the same manner, with the same understanding, and as a result of the same venture. From the pleadings, evidence, and instructions of the court, it is clear that the verdict in the ejectment suit involves a finding that the acquisition of the legal title by the plaintiff to the lands involved in the ejectment suit was by means of partnership funds, and as the result of a partnership venture. The plaintiff insists that such facts do not sustain the plea of *res adjudicata.* In support of this position we are cited to many authorities, but none of them are satisfactory. Considerable obscurity may be avoided by keeping in mind the distinction between a judgment, urged as a technical bar to another action, and one that is urged as conclusive as to some one or more points tried and determined in a former action. In *Cromwell v. Sac County,* 94 U. S., 351, the court says: "There is a difference between the effect of a judgment as a bar or estoppel against the prosecution of a second action upon

the same claim or demand, and its effect as an estoppel in another action between the same parties upon a different claim or cause of action. In the former case, the judgment, if rendered upon the merits, constitutes an absolute bar to a subsequent action. * * * But where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel only as to those matters in issue or points controverted, upon the determination of which the finding or verdict was rendered." The following cases are to the same effect: *Foye v. Patch,* 132 Mass., 105; *Hanna v. Read,* 40 Am. Rep. [Ill.], 608. From the foregoing, we think it is clear that it is only when the judgment is offered as a bar to a second action that the "four identities" mentioned by some writers, are required. The estoppel is not confined to the judgment, but extends to all steps involved in it as necessary steps or the groundwork upon which it must have been founded. It is allowable to reason back from a judgment to the basis upon which it stands, on the obvious principle that where a conclusion is indisputable, and could have been drawn only from certain premises, the premises are equally indisputable with the conclusion. *Burlen v. Shannon,* 96 Am. Dec. [Mass.], 733; *Dorris v. Erwin,* 101 Pa. St., 239; *Tuska v. O'Brien,* 68 N. Y., 446. Notwithstanding the language of the pleadings in this case, the defendant's plea of *res adjudicata* is not urged as a bar to the action, but as an estoppel by a former adjudication of one or more of the issues in the present case. As we have seen, the parties and the issues are identical. The judgment in the ejectment suit is based wholly on a verdict which involved a finding of the truth of the allegation relied upon by the defendant as a defense in this action. In other words, it is conclusively established by the judgment in the ejectment case that the title to the lands in controversy was acquired by the plaintiff while he and the defendant were in partnership, with partnership funds and as a partnership venture, and that he holds the legal title thereto in trust for the copartnership. Those ques-

tions are not open to inquiry in this case, but are forever set at rest between the parties by the judgment in the ejectment suit. *Bazille v. Murray,* 41 N. W. Rep. [Minn.], 238; *Goodnow v. Litchfield,* 9 N. W. Rep. [Ia.] 107; *Wolf River Lumber Co. v. Brown,* 60 N. W. Rep. [Wis.], 996; *Doty v. Brown,* 4 Comstock [N. Y.], 71; Herman, Estoppel & Res Judicata, sec. 247; Freeman, Judgments [3d ed.], sec. 253. With those facts established, together with the conceded fact that no settlement or accounting has been had between the parties, the decree in favor of the plaintiff in this case can not stand.

It is recommended that the decree in favor of the plaintiff in this case be reversed, and the cause remanded for further proceedings according to law.

Duffie and Ames, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree in favor of the plaintiff is reversed, and the cause remanded for further proceedings according to law.

REVERSED AND REMANDED.