### THE STATE vs. FRANK MAY.

Second Judicial District, Norwich, October Term, 1906.
BALDWIN, HAMERSLEY, HALL, PRENTICE and SHUMWAY, Js.

A child of six is not too young to be received as a witness if the trial judge is first satisfied that it has sufficient capacity to understand and appreciate the nature and obligation of an oath.

A transcript of evidence and of the charge, which, although not printed, are made part of the record by the trial court, may be referred to for any proper purpose in argument in this court.

An appellant is not entitled to urge, as error, a claim which was not made a reason of appeal either originally or by amendment; and especially if such claim contradicts the only reason of appeal which is stated.

Argued October 16th—decided October 30th, 1906.

INFORMATION charging the carnal knowledge and abuse of a female child under the age of sixteen, brought to the Superior Court in New London County and tried to the jury before *Case, J.;* verdict and judgment of guilty of an assault with intent to carnally know and abuse, and appeal by the accused. *No error.*

The child as to whom the abuse was charged, became six years of age two days before she was sworn as a witness.

When she was offered as a witness by the State, objection was made by counsel for the accused that she was not competent to testify because of her age. She was thereupon, and in the absence of the jury, examined by the court, and under the court's direction by counsel for both the State and the accused, as to her qualifications. The court, also, before the conclusion of the examination, sent for and examined the child's teacher and Sunday-school teacher upon the same subject. The court found that the child understood the nature of an oath, and that she was of sufficient intelligence and understanding to be sworn as a witness, directed that the oath be administered to her, and permitted her to testify to the jury. The accused excepted to this ruling.

The trial judge was asked to attach to the finding a transcript of all the notes of the official stenographer relative to the proceedings pertaining to the child's examination and of her testimony. This request he denied, but certified to the correctness of the transcript and ordered that it be filed, and also a copy of the charge to the jury, as part of the record of the cause, but that neither should be printed unless the Supreme Court of Errors should so direct.

*David H. Slade* and *George C. Morgan*, for the appellant (the accused).

*Hadlai A. Hull*, State's Attorney, for the appellee (the State).

BALDWIN, J. But one reason of appeal is assigned, namely, that the court erred in ruling on the preliminary examination of the child that she understood the nature of an oath and that she was competent to testify as a witness. The finding shows that this reason is without foundation. *Holcomb* v. *Holcomb*, 28 Conn. 177; *Wheeler* v. *United States*, 159 U. S. 523, 16 Sup. Ct. Rep. 93.

On the argument before us another point was pressed, namely, that it appears from the transcript of the stenog-

rapher's notes that the court did not pass upon the competency of the child to be a witness before admitting her to testify, but only ruled that it would allow the oath to be administered to her and leave the matter to be disposed of in its charge to the jury.

Although the transcript and the charge have not been printed for use on this appeal, they became, by the action of the trial court, part of the record of the cause in this court, and could be referred to as such for any proper purpose.  See Rules of Court, p. 99, §§ 20–22.  Without considering whether there is anything in them inconsistent with the finding, it is enough to say that they cannot be of any benefit to the appellant, since the claim of error in question was not made a reason of appeal; contradicts the only reason of appeal which is stated; and no leave has been sought to introduce it by an amendment of the appeal. General Statutes, §§ 798, 802; Rules of Court, p. 103, § 39.

There is no error.

In this opinion the other judges concurred.