GERTRUDE M. ANDERSON *vs.* EBENEZER S. HUSTED, EXECUTOR, ET AL. (ANDERSON'S APPEAL FROM PROBATE).

Third Judicial District, New Haven, January Term, 1907.

BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, Js.

It is for the jury to say whether the testimony of a medical expert is based upon the facts assumed in the hypothetical question, or in part upon extraneous considerations; and therefore a request to charge which in effect forecloses that inquiry may well be refused.

The opinions of experts given in response to hypothetical questions can have little if any value, unless the material facts assumed in such questions are substantially true; but their opinions are not necessarily worthless merely because there may be some variance between the facts assumed and those proved. What weight should be given to their testimony under such circumstances is ordinarily a question for the jury, under proper instructions from the court.

Where the real issue is as to the truth of the assumed facts, and not as to their effect if true, expert testimony can have but little weight.

Unless authenticated by the trial judge, statements in the draft-finding cannot properly be referred to in an assignment of error for the purpose of showing the rulings and charge of the trial court.

A reason of appeal alleging that the trial court erred "in charging the jury as stated in the finding," three pages of which were devoted to the charge, is too general an assignment to require consideration by this court.

Argued January 15th—decided March 6th, 1907.

APPEAL from a decree of the Court of Probate for the district of Norwalk approving a certain written instrument as the last will and testament of David Hoyt of Norwalk, deceased, and refusing to admit to probate a certain other and later instrument, taken to the Superior Court in Fairfield County and tried to the jury before *Gager, J.;* verdict and judgment in favor of the defendants, and appeal by the plaintiff. *No error.*

*J. Belden Hurlbutt*, with whom was *Levi Warner*, for the appellant (plaintiff).

*John H. Light*, for the appellees (defendants).

HALL, J.    The testator, David Hoyt of Norwalk, died March 8th, 1902, in the eightieth year of his age.

It was admitted upon the trial in the Superior Court that an instrument executed by him on the 26th of October, 1894, was his last will, unless one executed by him on the 4th of March, 1902, was a valid will.

The defendants claimed that when the testator signed the second will he was of unsound mind, and was induced to execute it by the undue influence of the plaintiff; and in support of this claim asked of one Dr. Huntington, as an expert witness, the following hypothetical question:—

" David Hoyt, in the eightieth year of his age, after two or three weeks' sickness with a cold, though not confined to the house, was taken down with pneumonia on March 2nd, 1902, from which he died on Saturday, March 8th, 1902. He gradually grew worse from the time he was taken sick until the time he died. Tuesday morning, March 4th, at ten o'clock, he was suffering very much and breathing with great difficulty, and he did not recognize his brother who called and spoke to him. About two o'clock in the afternoon of the same day his sister called and found him lying on his back breathing with great difficulty, and making no effort to move. She spoke to him, but he did not recognize her. Before she left the house an attorney-at-law called to have him execute a will. Immediately after his sister left the house, Mr. Hoyt went through the form of executing a will. Just after this work was finished and before the lawyer left the house, Mr. Husted, an old friend of the sick man, called and passed into the sick room and spoke to Mr. Hoyt, but he did not recognize him; and while he was present Mr. Hoyt talked incoherently. That evening, between six and seven o'clock, a nephew of the sick man called upon

him and found him suffering very much, and heard him talk incoherently ; and during the same hour Mr. Mayhew, a friend and neighbor of Mr. Hoyt, called and found him very sick and tossing about the bed and mumbling something to himself,.and Mr. Mayhew spoke to him but was not recognized. . Assuming the foregoing fact to be true, was the testator, in your opinion, capable of planning and executing such a paper as is here offered as his will?"

The attorney for the plaintiff objected to this question, upon the ground that it required the witness to give an opinion as to the sufficiency of the will, and upon the suggestion of the court it was amended so that the last sentence of it read as follows : " Assuming the foregoing facts to be true, was or was not the testator, in your opinion, a person of sound mind ? "

This question thus amended was asked by the plaintiff of said witness and of several other doctors, as expert witnesses, and answered by them without objection.

Upon the cross-examination of Dr. Tracey, one of said expert witnesses, as to the facts assumed in the hypothetical question, and the effect of certain of such assumed facts, he was asked among others the following questions, and gave the following answers : " Q. You have read this particular will? A. Yes, sir. Q. Did that affect your judgment as to the man's capacity ? A. Somewhat, yes. Q. Will you tell us where that is in the hypothetical question ? A. That isn't in the hypothetical question. Q. Then your judgment in this matter is affected by something outside of the hypothetical question ? A. Not at all ; the hypothetical question alone. Q. You just said it did ? A. If I never had read the will my opinion would be just the same."

The record states that the defendants offered evidence to prove and claimed to have proved all the material facts assumed in the hypothetical question, and that " the plaintiff offered evidence to disprove and claimed to have disproved substantial and material facts assumed in said question." ·

There are four errors assigned in the appeal. The first is in admitting the hypothetical question. This cannot be considered, as no objection was made to the admission of that question, or to the answers made to it.

The second is in refusing to charge the jury in accordance with the following written request: "The evidence of Dr. Tracey should be disregarded by the jury. It is based upon the hypothetical question and upon the will. It should have been in reply to the question alone, and he had no right to base his opinion on the will or to permit his opinion to be affected by the character of the will, and he says it was. The extent to which the character of the will affected his judgment cannot be known, and it does not appear what his opinion would have been, had not his opinion been influenced by reading the will. The opinion is not given in response to the question asked him, but in response to that, and something else, which he had no right to consider."

This request was properly refused. It assumes that the answer of the witness was based to some extent upon a fact not contained in the hypothetical question, because upon cross-examination he said that the fact that he had read the will affected his judgment somewhat as to the testator's capacity. But he also said that his judgment was based upon the hypothetical question alone. It did not follow, as a matter of law, that because the witness had read the will his judgment was not based solely upon the facts assumed in the hypothetical question. Whether it was or was not, was a question for the jury and not for the court to decide.

The third error assigned is the refusal of the court to charge the jury that the answers of all the other witnesses must be disregarded by the jury unless the jury should find that all the facts stated in the hypothetical question were true.

There was no error in refusing to so charge. The opinions of expert witnesses given in answer to hypothetical questions can have little, if any, value, unless the material

facts assumed in such questions are substantially true; and it is always proper for the court to so instruct the jury, whenever there is conflicting evidence as to the truth of such assumed facts. Such opinion-evidence does not, however, necessarily become wholly valueless because there is some variance between the facts assumed in the hypothetical question and the actual facts as proven. What weight should be given in such cases to the opinions of such expert witnesses is generally a question for the jury under proper instructions from the court. *Gunter* v. *State*, 83 Ala. 96, 3 So. 600; *Epps* v. *State*, 102 Ind. 539, 1 N. E. 491; *Guetig* v. *State*, 66 Ind. 94; *Hovey* v. *Chase*, 52 Me. 304; *People* v. *Benham*, 160 N. Y. 402, 445, 55 N. E. 11; *Quinn* v. *Higgins*, 63 Wis. 664, 24 N. W. 482; *State* v. *Kelly*, 77 Conn. 266, 275, 58 Atl. 705.

In the case before us it is difficult to see how the so-called expert testimony could have worked any injury to the plaintiff. What the "substantial and material facts assumed in said hypothetical question" were, which the plaintiff claimed to have disproved, is not expressly stated in the finding. That the testator was about eighty years old, that he had made a will in 1894, that on the 2d of March, 1902, he was taken sick with pneumonia, that on the 4th of March, 1902, four days before he died, he executed a second will materially different from the first, both of which wills were signed by him with " his mark," were apparently undisputed facts. Evidently the real contest between the parties upon the matter of testamentary capacity was upon the question of whether, at the time of the execution of the second will, the disease of which the testator died a few days thereafter had so far advanced that he manifested the symptoms of mental weakness described in the hypothetical question. What the so-called expert witnesses testified to in answering the hypothetical question, as amended, was, in effect, that a person of the testator's age, who, four days before his death from pneumonia, was in such a mental condition from that disease that he talked incoherently and did not recognize his

relatives and friends, was not of *sound mind.* Certainly the opinion of experts was not required to enable the jury to reach that conclusion upon proof of the assumed facts. The whole question of testamentary capacity seems to have been purely one of fact for the jury, in the determination of which the so-called expert could have had no real weight. If the jury found the material facts assumed in the hypothetical question substantially true, they should have rendered the verdict they did, whether they considered the so-called expert testimony or not. If they did not find them substantially true, it is unreasonable to suppose that they could have been influenced to render their verdict by the answers given to the hypothetical question, or could have given these answers any consideration whatever.

The fourth reason of appeal, that the court erred "in charging the jury as stated in the plaintiff's proposed finding of facts, and as stated in the finding of the court," contains no proper assignment of error. To refer in an appeal, to a part of a proposed-finding not marked "proven," as showing the charge of the court, or the rulings or requests to charge made during the trial, is improper, as the statements of the proposed-finding are not authenticated by the trial judge. The statement in this reason of appeal, that there is error in the charge as stated in the finding, is nothing more than a statement that there is error somewhere in the three pages of the charge printed in the finding of facts. Such an assignment of error is too general. *Chase* v. *Waterbury Savings Bank,* 77 Conn. 295, 299, 59 Atl. 37; *Simmonds* v. *Holmes,* 61 Conn. 1, 9, 23 Atl. 702. The portion of the charge contained in the finding of facts is only referred to in the plaintiff's brief as showing that the court refused to charge as requested. As we have shown that there was no error in such refusal, we refrain from further discussion of the charge.

There is no error.

In this opinion the other judges concurred.