George F. Jackson *vs.* Elanson H. Lacy.

Third Judicial District, Bridgeport, October Term, 1917.

Prentice, C. J., Roraback, Wheeler, Beach and Shumway, Js.

> An assignment that the trial court erred in charging in certain particulars "as set forth in" a numbered paragraph of the finding, which paragraph contained the whole charge, does not comply with the statute (§ 802) and is too general to merit consideration.

In an action by a broker to recover what his services were reasonably
worth in effecting a sale of the defendant's realty, the answer
admitted the services and nonpayment therefor, denied any
promise to pay what they were worth and that they were worth
$2,500 as claimed by the plaintiff, and then alleged that the plain-
tiff had expressly agreed to accept $1,250 for his services if he
made a sale. *Held* that the real defense alleged and actually liti-
gated, as disclosed by the record, was not an argumentative denial
of an original employment for a reasonable compensation, but an
affirmative defense by way of confession and avoidance, setting
forth an agreement for a one per cent commission or $1,250; and
that while the burden remained on the plaintiff throughout the
case of proving that at the time of the original employment the
parties were silent as to compensation, it was upon the defendant
to show that the implied promise arising from the silence of the
parties had been modified or superseded by a subsequent express
agreement; and that the charge of the trial court, which was sub-
stantially to this effect, was correct.

Argued October 24th—decided December 15th, 1917.

ACTION to recover the reasonable worth of services
rendered by a broker in effecting a sale of real estate,
brought to the City Court of New Haven and tried to
the jury before *Booth, J.;* verdict and judgment for the
plaintiff for $2,652, and appeal by the defendant. *No
error.*

The complaint is in the usual form, and alleges that
the plaintiff rendered services in the sale of defendant's
real estate under an agreement by the defendant to
pay what the plaintiff's services were reasonably worth,
and that they were worth $2,500, which has never
been paid. The answer admits that the services were
rendered and not paid for, but denies that the defend-
ant promised to pay what they were reasonably worth,
or that they were reasonably worth $2,500. The answer
then goes on to allege a special agreement that the
plaintiff should receive $1,250 commission if he effected
the sale, and no more. An offer of judgment for $1,250
is annexed to the answer. Plaintiff replied denying the
special agreement. Upon these pleadings the parties

went to trial, and the plaintiff testified that his services were rendered without any agreement or understanding as to the amount of the commission, and offered evidence to prove that the usual commission for selling property of the same kind was two per cent. The defendant testified that before the contract for the sale of the property was executed the plaintiff expressly agreed with him to accept a commission of $1,250, being one per cent on the price for which the property was finally sold. The cause was submitted to the jury, and after they had deliberated about an hour and a half they returned to the court-room for further instructions, whereupon the following occurred:—

"A Juror: The jury wishes to know to what extent the burden of proof rests upon the defendant.

"The Court: I will refer again to the charge that I already made on that point. I will reiterate what I already said. 'The burden in this, as in all civil cases, rests upon the plaintiff throughout the entire case to convince you by a fair preponderance of the evidence that the contract of employment was as alleged by him, namely; to render services as a broker to the defendant in the sale of the property, under an implied promise at least that a reasonable sum should be paid for such services. If no specific agreement as to the price was entered into, the law will imply that a reasonable price was contemplated, and the plaintiff is under no burden to prove there was no specific agreement. His liability as to the burden of proof would end when he establishes the facts of employment and fulfillment of employment by producing a customer who is ready, able and willing to purchase the property on the terms prescribed by the owner.

"'If no contrary evidence is produced, he would prevail, for the law would supply by implying that a reasonable price was contemplated.

"'If the defendant, as in this case, seeks to meet such allegations of the plaintiff by setting out a specific contract as to the price of such services, the burden is upon him to establish such contract by evidence which shall preponderate and overcome the evidence offered by the plaintiff upon this feature, and thus, while the burden of proving the essential allegations of his complaint never shifts from the plaintiff, but continues throughout the case, if the sufficiency of proof upon the affirmative allegations of the defendant's answer fails to predominate and overcome the evidence offered by the plaintiff upon these affirmative allegations, the defendant would fail in attempting to sustain them because that burden is upon him.' In other words, the burden of proving there was no specific agreement is not upon the plaintiff. The burden of proving there was a specific agreement is upon the defendant. All the plaintiff has to prove is that he rendered services at the request of the defendant, and having offered evidence as to their reasonable value, his burden is complete, unless the evidence offered by the defendant as to the specific contract outweighs the evidence of the plaintiff on that feature."

The jury then retired, and forthwith returned a verdict for the plaintiff calculated on the usual commission of two per cent.

*J. Birney Tuttle*, for the appellant (defendant).

*Ralph H. Clark*, for the appellee (plaintiff).

BEACH, J.   The first reason of appeal does not comply with the rules, because it assigns as error that the court charged the jury as to certain particulars "as set forth in paragraph 9 of the finding," which paragraph contains the whole charge.

The second and only other reason of appeal is con-

fined by reference to that portion of the charge above quoted, and brings up the single question whether the court erred in charging the jury "that plaintiff was under no burden to prove there was no specific agreement as to his commission, and that the burden of proof was upon the defendant to disprove plaintiff's allegations."

This paraphrase does not quite do justice to the charge of the court, but it effectually limits the assignment of error to that part of it which charges that the burden of proving there was no specific agreement was not on the plaintiff, and the burden of proving there was a specific agreement was on the defendant.

Upon the findings as to the claims actually made by the defendant at the trial, the charge was correct.

The fact of employment and of the rendition of services leading to the sale of the property having been admitted by the defendant's answer, the plaintiff offered evidence to prove that his services were rendered without any agreement as to the amount of compensation, and that the usual commission in such cases was two per cent. He thus made out a prima facie case.

The important fact is that the defendant did not 'deny *in toto* that the plaintiff's services were rendered without any agreement as to compensation, but limited himself to the claim that "before he signed the contract Exhibit A [which is the written contract for the sale of the property], and before he accepted the offer of the customers obtained by plaintiff, and before plaintiff produced any customer ready and willing to purchase the property on terms acceptable to him," the defendant told the plaintiff that he would pay only one per cent commission, and the plaintiff agreed to accept it.

The plaintiff, in rebuttal, claimed that nothing was said about paying only one per cent until after the contract, Exhibit A, was signed.

The defense thus outlined is not necessarily inconsistent with the plaintiff's prima facie case, for it does not deny that the original contract of employment was silent as to terms of compensation, but alleges that at some time not definitely fixed, except by reference to the fact that Exhibit A was executed June 9th, 1916, an express agreement for one per cent commission was entered into.

The court in summing up the defendant's testimony fixes the claimed date of this alleged agreement as follows: "You will recall that the defendant testified that the specific agreement as to price was entered into June 9, 1916, at ten minutes to eleven, as he and the plaintiff left the door of Carpenter and Company, on Center Street, before they went to Mr. Notkins' office to see if an arrangement as to terms might be made whereby Mr. Lacy might get some cash out of the transaction, and that it was then and there that the plaintiff agreed to accept one per cent provided the deal went through."

That is to say, the defendant's actual claim was that the alleged agreement for $1,250 compensation was entered into on the morning of the day when the contract of sale was executed and on the way to the office of the purchasers for the purpose of arranging the final terms of a purchase already under consideration; and necessarily, therefore, after the plaintiff had at least begun to render services under the original contract of employment.

This statement by the court does not import verity, but it is fair to assume that, if materially inaccurate, it would not have passed unchallenged. It is consistent with the formal statement of defendant's claim in the finding, and the finding, when interpreted in the light of this part of the charge, explains more satisfactorily than before the ambiguity in the defendant's

answer, and brings out more clearly than before the fact that the real defense alleged in the answer and actually litigated is not an argumentative denial that the original contract of employment was for a reasonable compensation, but an affirmative defense by way of confession and avoidance, alleging that the parties afterward agreed upon a one per cent commission.

Such being the real nature of the defense, the burden of proof remained on the plaintiff throughout the case of proving by a fair preponderance of all the evidence that at the time of the original employment the parties were silent as to the amount of his commission; and since the defendant made no attempt to prove an express agreement for one per cent commission at the time of the original employment, but claimed that the implied promise arising from the silence of the parties was superseded by a subsequent express agreement, the burden of proof was on him to establish such a modification of the original contract.

The charge of the court is in substantial accord with the views above expressed.

There is no error.

In this opinion the other judges concurred.