GENNARO RUOCCO *vs.* GAETANO LOGIOCCO.

Third Judicial District, Bridgeport, April Term, 1926.

WHEELER, C. J., CURTIS, MALTBIE, HAINES and HINMAN, Js.

Assignments of error based upon the charge to the jury must point out distinctly and specifically the particular matter claimed to be erroneous.

Though no child is conclusively presumed to be disqualified as a witness, nevertheless, if he be under the age of fourteen years, his testimonial competency is a matter to be determined by the trial judge in the exercise of a legal discretion.

Many of the tests, including the belief in a Supreme Being, formerly held to be determinative of testimonial capacity are no longer recognized as conclusive, but it is still indispensable that the proffered witness possess some sense of moral responsibility, that he justly comprehend and appreciate the nature, purpose and obligation of an oath, and that he have an intelligent understanding of the facts sought to be developed.

Ruocco *v.* Logiocco.

In the present action by a father for the seduction of his daughter, the trial court permitted the girl, who was about fifteen years of age, to testify upon the vital and controlling issue of whether the defendant was the father of her child, although it appeared that she was feeble-minded, had never heard of God or the hereafter, stated that she did not know the difference between right and wrong, or the obligation of an oath, knew only that she would be "in trouble" if she did not tell the truth, and had no comprehension of the offense that had been committed against her. *Held* that under these circumstances, coupled with the fact that the trial court did not find that the witness really understood the obligations of an oath but merely that she "knew enough" to testify, the ruling constituted an unreasonable exercise of discretion and was erroneous.

When a cause of action has once been heard upon its merits by a court of competent jurisdiction and judgment rendered thereon, the parties to it, and all who are in privity with them, are concluded by the judgment as to every fact which was or should have been litigated therein, and cannot thereafter maintain another suit upon that cause of action in the same or any other court.

Even where the two suits are not identical or not based upon the same cause of action, but some fact or issue is necessarily involved in both, or was actually adjudicated in the first action, then the judgment in that action is conclusive between such parties and those in privity with them as to that fact or issue, and it cannot again be litigated in the second action.

Those who may be concluded by a former judgment include not only the same parties, provided they appear in the same capacity, and those in privity with them, but also those whose rights and interests were represented in the name of a third party and who were directly interested in the subject-matter and either actively prosecuted or defended the suit with the knowledge of the opposing party or had a complete and unlimited right and opportunity to do so.

To the complaint in the present case, brought to the Superior Court in New Haven County and alleging the seduction of the plaintiff's minor daughter with resulting pregnancy and birth of a child, the defendant answered by way of special defense that in a former action of bastardy in the Court of Common Pleas for the same county brought by the same plaintiff in the name of his daughter, the defendant was found not guilty of being the father of the child. The trial court sustained the plaintiff's demurrer to this defense. *Held* that the trial court erred.

Argued April 15th—decided July 3d, 1926.

ACTION to recover damages for the alleged seduction by the defendant of the plaintiff's minor daughter, brought to the Superior Court in New Haven County where a demurrer to the defendant's answer was sustained (*Brown, J.*) and the case later tried to the jury before *Booth, J.;* verdict and judgment for the plaintiff for $5,000, and appeal by the defendant. *Error, judgment to be entered for defendant.*

*Franklin Coeller,* for the appellant (defendant).

*Arthur B. O'Keefe* and *Jeremiah D. Shea,* with whom, on the brief, was *John Henry Sheehan,* for the appellee (plaintiff).

HAINES, J.  The complaint substantially follows that in the Practice Book, p. 437, entitled "Seduction" (Form 266), and charges the defendant with debauching the plaintiff's daughter with resulting pregnancy and birth of a child. The defendant made what amounted to a general denial of the entire complaint, and then alleged by way of "Special Defense," in effect the following: that on June 15th, 1923, in an action for bastardy in the Court of Common Pleas for New Haven County, this defendant was found not guilty of the charge there made, of being the father of the child so born to the plaintiff's daughter. This was successfully demurred to by the plaintiff on the ground that the two actions were not between the same parties, and that the cause of action in the first case was not the same cause of action set up in this case, and therefore that the allegations of the special defense were insufficient in law as a defense to the present action.

At the time the alleged seduction took place, the plaintiff's daughter was about fifteen years old and was feeble-minded. At the time of the trial, she was

an inmate of the State school for the feeble-minded.

Among the forty-six reasons of appeal now presented, are two of controlling importance: (1) Did the Superior Court err in sustaining the demurrer upon the ground that the paternity of this child was not *res adjudicata* in the present action, or such as to estop this plaintiff from again litigating that question, and (2) was the feeble-minded mother of the child a competent witness in this case?

Before discussing these questions, we refer to the twelve reasons of appeal in which it is claimed the court erred in the charge. These, by consecutive paragraphs, cover the *entire* charge, save for a few general observations, under the single claim that "the court erred in charging the jury as follows." This is in violation of our rules. It does not point out the particular matter claimed to be erroneous. If there be such in the paragraph, it should be designated, and if not, then that paragraph had no place in the reasons of appeal. General Statutes, §5833; Practice Book, pp. 106, 107, 310, §14; *Ferrigino* v. *Keasbey,* 93 Conn. 445, 449, 106 Atl. 445; *Jackson* v. *Lacy,* 92 Conn. 256, 259, 102 Atl. 584; *Harper Machinery Co.* v. *Ryan-Unmack Co.,* 85 Conn. 359, 363, 82 Atl. 1027; *State ex rel. Lynch* v. *Whitehouse,* 80 Conn. 111, 122, 67 Atl. 503; *Anderson* v. *Husted,* 79 Conn. 535, 540, 66 Atl. 7; *Chase* v. *Waterbury Savings Bank,* 77 Conn. 295, 299, 59 Atl. 37.

As to the competency of the plaintiff's daughter to testify: She was permitted to do so over the objection of the defendant, who now makes this the basis for the twenty-sixth reason of appeal. Her position in this case was of vital importance. The question whether it was this defendant who had sexual intercourse with her, depended almost entirely upon her statements. She affirmed he was the man, and he

Ruocco *v.* Logiocco.

denied it. Being the sole witness of the essential fact, her testimony was of such importance that great care was called for in estimating her qualifications to testify. No man should be found guilty of so serious an offense as this, without clear and reliable testimony. It is not denied that this girl was feeble-minded, with the mentality of a young child. Upon cross-examination as to her qualifications, she said she could not tell and did not know the difference between right and wrong; that she had never heard of the Supreme Being, and did not know what the word "God" meant. Asked what the oath was, she replied, "When you testify in court;" asked how she knew what the oath was, she replied, "Don't you think I see it with my eyes in the court when I went to the court and when they testified." She also said she did not know what the obligation of the oath was, and did not know what would happen if one did not tell the truth except that she would be in trouble, and that she had never heard of the hereafter. The physician who testified as to her mentality, said that while she was not mentally deranged and could read and write a simple letter and make simple arithmetical computations, she was definitely defective in judgment and comprehension. Her lack of comprehension of the character of the offense which she charged against the defendant is shown by the admission that she did not realize at any time what was being done to her and thought he was playing with her, and did not know till the following spring that she was pregnant.

The ancient rule of the common law did not permit a child under nine years of age to testify, it being conclusively presumed that there was not the necessary understanding by children under that age. *Commonwealth* v. *Hutchinson,* 10 Mass. 225.

In early cases in this State, it was held that a per-

son was not a competent witness who did not believe in God, or the obligations of an oath, or in a future state of rewards and punishments. *Curtiss* v. *Strong*, 4 Day, 51, 55; *Beardsly* v. *Foot*, 2 Root, 399, 400.

By statute in this State, one may now be a competent witness though he do not believe in a Supreme Being. General Statutes, §5705. The requirements of the old rule have been greatly relaxed, and though no precise age is now fixed by law, below which disqualification is conclusively presumed, yet the testimonial capacity of a child under the age of fourteen is a matter to be determined by the court upon inquiry. A sufficient intelligence and a just appreciation of the obligations of an oath are the tests usually applied. *Kuczon* v. *Tomkievicz*, 100 Conn. 560, 570, 124 Atl. 226; *Flanagin* v. *State*, 25 Ark. 92, 96; *Draper* v. *Draper*, 68 Ill. 17; *McGuire* v. *People*, 44 Mich. 286, 6 N.W. 669; *Commonwealth* v. *Wilson*, 186 Pa. St. 1, 40 Atl. 283; *Oliver* v. *Commonwealth*, 77 Va. 590. The competent witness must possess some sense of moral responsibility and comprehend the purpose and character of an oath. *Beason* v. *State*, 72 Ala. 191; *State* v. *Edwards*, 79 N. C. 648; *State* v. *Belton*, 24 S. C. 185; *State* v. *Michael*, 37 W. Va. 565, 16 S.E. 803; *State* v. *May*, 79 Conn. 315, 64 Atl. 833.

Under the most liberal tests of the present day, the obligation of the oath and an intelligent comprehension of the facts sought to be developed, remain a necessary part of the qualifications of a competent witness. Without them, the cause of justice is jeopardized rather than aided by allowing any person, be he child or adult, to testify in furtherance of a prosecution or a defense. So great has been the change in the rule that some courts have been led to the untenable position of practically abrogating it, so that almost any person except the deranged and the ex-

Ruocco *v.* Logiocco.

tremely young, are competent, whether realizing the character and purpose of the oath or not, and of holding that it is for the jury to decide whether the witness is competent. Some such view as this doubtless accounts for what we feel was the unwarranted exercise of the court's discretion in allowing this girl to testify. It does not appear that the court was satisfied that she understood, in any way, the nature of an oath, the only statement by the court being, "I think she knows enough to testify."

In *Kuczon* v. *Tomkievicz,* 100 Conn. 560, 571, 124 Atl. 226, three school children of six, seven and eight years, respectively, apparently with no mental defects, and showing far greater intelligence than this girl, were held incompetent to testify. Our disinclination to interfere with the exercise of the discretion of a trial judge in such a situation is clearly stated in that case, and were the incapacity of this girl less obvious, we would be unwilling to do so in the present case. The conclusion of the trial court will rarely be disturbed. If there was a definite finding that the trial court was satisfied that she "understood the obligations of the oath," we would doubtless rest the matter there, but so far as the record shows such was not the case, and the court reached the conclusion only that she "knew enough" to testify. This does not meet the requirements of competency.

The court permitted her to take the oath and testify, and the jury were entitled to assume, as they obviously did, that the court considered her competent and that her statements carried the sanction of the oath which she had taken, and were backed by an intelligent comprehension of the facts she purported to give them. What a further examination as to the witness' capacity would have disclosed we do not know, but the record before us shows that she did not possess the qualifi-

cations which the present rule requires. We are compelled to find that it was error to hold this girl a competent witness.

The recognized general rule which has been applied by the courts of this State from earliest times, has been that a cause of action having been once heard upon its merits by a court of competent jurisdiction, and judgment rendered thereon, the parties to that suit, and all who are in privity with them, are concluded by that judgment and cannot thereafter maintain another suit upon that cause of action in that or any other court. And where the suits are not identical or not based upon the same cause of action, but some fact or issue is necessarily involved in both, or actually adjudicated in the former, then the judgment in the first action is conclusive between such parties and privies as to that matter or fact, and cannot again be put in issue in the second action. The following cases among many, illustrate the rule: *Betts* v. *Starr,* 5 Conn. 550; *Dennison* v. *Hyde,* 6 Conn. 507, 517; *Fairman* v. *Bacon,* 8 Conn. 418, 424; *Kennedy* v. *Scovil,* 14 Conn. 61; *Bell* v. *Raymond,* 18 Conn. 91, 99; *Pinney* v. *Barnes,* 17 Conn. 420; *Wildman* v. *Wildman,* 70 Conn. 700, 41 Atl. 1; *Vincent* v. *Mutual Reserve Fund Life Asso.,* 77 Conn. 281, 59 Atl. 491; *Ladany* v. *Assad,* 91 Conn. 316, 99 Atl. 762; *Burlen* v. *Shannon,* 99 Mass. 200; *Sly* v. *Hunt,* 159 Mass. 151, 153, 34 N. E. 137; *Pierson* v. *Catlin,* 18 Vt. 77; *Gilson* v. *Bingham,* 43 Vt. 410.

The plaintiff has made the allegations of pregnancy and the birth of the child a part of his complaint, and so descriptive of the particular act or acts of debauchery complained of. He has thus assumed the burden of proving those acts which had that result. The case therefore involves, as one of its essential issues, the same proposition upon which the bastardy

action rested, viz., that the defendant is the father of the child in question.

Where there is an identity of causes of action, the decision of one action by a court of competent jurisdiction concludes the parties and their privies upon every fact which was or should have been litigated therein. *Bell* v. *Raymond,* 18 Conn. 91. Even if the causes are not identical, but do raise an important identical issue, then the parties and their privies are concluded by the decision of that issue in a court of competent jurisdiction. *Cromwell* v. *County of Sac,* 94 U. S. 351; *Huntley* v. *Holt,* 59 Conn. 102, 107, 22 Atl. 34; *Wildman* v. *Wildman,* 70 Conn. 700, 41 Atl. 1; *Pavelka* v. *St. Albert Soc.,* 82 Conn. 146, 147, 72 Atl. 725; *Scott* v. *Scott,* 83 Conn. 634, 638, 78 Atl. 314; *Thomas' Appeal,* 85 Conn. 50, 53, 81 Atl. 972; *Baxter, Reed & Co.* v. *Myers,* 85 Iowa, 328, 331, 52 N. W. 234; *Hanson* v. *Hanson,* 64 Neb. 506, 90 N. W. 208.

By identity of parties is meant, not only the same parties, but all those who are in privity with them; and the parties, it is said, must have appeared in the same capacity. So it has been held that where one has appeared as guardian for another, he is not concluded in a later personal action. The reason for this is that the rights and interests in one case are separate and distinct from those in the other. *Fuller* v. *Metropolitan Life Ins. Co.,* 68 Conn. 55, 64, 65, 35 Atl. 766; *Clarke's Appeal,* 70 Conn. 195, 39 Atl. 155.

But where one's rights and interests are represented in the name of a third party, there he is concluded in a second suit even if that be brought in his own name, for all are concluded who are directly interested in the subject-matter of the suit and have a right and are given an opportunity to make defense, control the proceedings, examine and cross-examine witnesses, and appeal from the judgment and decree if appeal lies.

*Logan* v. *Trayser,* 77 Wis. 579, 46 N. W. 877; *Beach* v. *Milford Ice Co.,* 87 Conn. 528, 533, 534, 89 Atl. 181.

Even if one be not a party to the record, but does in fact prosecute or defend a suit, though in the name of another, to establish or protect his own right, or openly assists in the action in aid of his own interests, and with the knowledge of the opposing party, he is as much concluded as though he had been a party by name. 24 Amer. & Eng. Ency. of Law (2d Ed.) pp. 737, 738, with numerous authorities there cited; *McGovern* v. *New York Central & H. R. R. Co.,* 67 N. Y. 417.

So where a parent, by suit brought in behalf of his minor child, seeks or consents to the recovery of damages which he might have sued for in his own right, he is presumed to have waived his own rights in favor of the child, and he is concluded by the judgment. *Bowring* v. *Wilmington Malleable Iron Co.,* 22 Del. (6 Pennewill) 332, 342, 67 Atl. 160; *Daly* v. *Everett Pulp & Paper Co.,* 31 Wash. 252, 258, 71 Pac. 1014; *Baker* v. *Flint & Pere Marquette R. Co.,* 91 Mich. 298, 51 N. W. 897.

In the situation before us, it appears that the present plaintiff, acting with the daughter, sought to recover in the bastardy action the expenses caused by the birth of the child. He was the father of the nominal plaintiff—a minor—in that action, and he now seeks to recover in this action, in his own name only, similar, and in some respects the same, expenses. He was responsible in the first instance for the bills incurred for this minor daughter, and a recovery of compensation in the bastardy suit would, as matter of fact, have been a recovery on his own behalf. It appears, for example, that in the present action for seduction, the jury were specifically directed that they could

allow to him as damages the cost of the midwife who attended at the birth of the child.

It is very clear that the plaintiff is attempting in the present action to litigate for his own pecuniary benefit, the question of the paternity of this child. It has already been litigated and decided adversely in a case which he brought and entirely controlled, in a court of competent jurisdiction in this State.

The doctrine of *res adjudicata* is a doctrine of rest. It is based upon grounds of public policy. A right or exemption once given by a court of competent jurisdiction, should not again be litigated by the parties in another court. *Sargent & Co.* v. *New Haven Steamboat Co.,* 65 Conn. 116, 31 Atl. 543; *Munson* v. *Munson,* 30 Conn. 425; *State* v. *Vandemark,* 77 Conn. 201, 58 Atl. 715; *Huntley* v. *Holt,* 59 Conn. 102, 22 Atl. 34; *Supples* v. *Cannon,* 44 Conn. 424, with note, page 431. In the last-named case this court, by JUDGE PARDEE, said (p. 428): "The policy of the law is . . . that if a claim has once been passed upon by a court of competent jurisdiction, it shall not thereafter be controverted between the same parties, and this is in the interest of peace."

Upon plain grounds of public policy, and in justice to this defendant, a second trial between these parties upon this issue should be barred and the plaintiff estopped. The demurrer should have been overruled.

The conclusions thus reached, render it unnecessary to consider the remaining reasons of appeal.

There is error, the judgment is set aside and the Superior Court directed to enter judgment for the defendant.

In this opinion the other judges concurred.