## THOMAS MARCELLO
### *vs.*
## HENRY R. STROUBE, JR.

Superior Court    New Haven County    File No. 62266

MEMORANDUM FILED MAY 11, 1942.

*FitzGerald, Foote & FitzGerald,* of New Haven, for the Plaintiff.

*Walter T. Walsh,* of New Haven, for the Defendant.

FOSTER, J. In this action the plaintiff Marcello claims that he was driving an automobile and received injuries by reason of negligence of the defendant Stroube, who was driving another automobile.

The defendant in his second special defense alleges that one Squeglia, a passenger in the automobile operated by Marcello, recovered judgment in an action against Stroube on account of injuries received in the collision of the automobiles as alleged in this action; and that in the action of Squeglia against Stroube the court found as a fact that both Marcello and Stroube were guilty of negligence which was a proximate cause of the collision; and that the negligence of Marcello, the plaintiff in this action, is *res judicata.* To this defense the plaintiff demurs.

It is true, as stated in *Ruocco vs. Logiocco,* 104 Conn. 585, 593, that "where there is an identity of causes of action, the decision of one action by a court of competent jurisdiction concludes the parties and their privies upon every fact which was or should have been litigated therein....Even if the causes are not identical, but do raise an important identical issue, then the parties and their privies are concluded by the decision of that issue in a court of competent jurisdiction.... By identity of parties is meant, not only the same parties, but all those who are in privity with them; and the parties, it is said, must have appeared in the same capacity. So it has been held that where one has appeared as guardian for another, he is not concluded in a later personal action. The reason for this is that the rights and interests in one case are separate and distinct from those in the other."

In the case of Squeglia against Stroube, Marcello not only was not a party, but it is also clear that the issues as to liability were the negligence of Squeglia and Stroube. It does not appear that in that case the conduct of Marcello was alleged in the pleadings or that Marcello had any opportunity

to be heard as to such conduct. In defending himself against the charge of negligence Stroube might well claim that the collision was caused by negligence of Marcello. In order to recover judgment against Stroube the conduct of Marcello might have been immaterial in so far as Squeglia was concerned. It may well have been that in that case Squeglia did not defend the conduct of Marcello, and that Marcello had no opportunity to defend his own conduct. It may well be that upon the evidence offered in that case the court was justified in finding Marcello guilty of negligence, whereas Marcello, had he had the opportunity to do so, might have proved his freedom from negligence.

There was no such privity between Squeglia and Marcello as to bar Marcello from instituting this action against Stroube.

The demurrer to the second special defense of the defendant is sustained.