### FRANK SESSA
*vs.*
### JOSEPH BARNEY ET AL.

Superior Court          New Haven County          File No. 58988

MEMORANDUM FILED SEPTEMBER 2, 1943.

*George C. Conway,* of Guilford, and *Beers & Beers,* of New

Haven, for the Plaintiff.

*William F. Geenty,* of New Haven, for the Defendants.

McEVOY, J. In this action the plaintiff sets out, in the substituted complaint, that he is the owner of certain lands which are described in the first paragraph of the substituted complaint. As a continuation of the first paragraph the plaintiff sets out what he claims to be a dividing line between his property and that of the defendants.

He also sets out in paragraph 2 of the substituted complaint that the defendants claim estates or interest in the land or to have a right of way, and that these claims are adverse to the title of the plaintiff.

The plaintiff asks that the court hear the several claims and determine the rights of the parties and the true location of the boundary lines between them and that judgment be rendered, determining the claims and disputes and quieting the title to these premises.

The defendants have filed an answer and, in the first paragraph of it, they allege no knowledge or information as to the plaintiff's claims respecting his ownership of the land or his claimed boundary line.

In the answer, paragraph 2 of the substituted complaint, which alleges that the defendants claim estates or interest in the land adverse to the plaintiff, is admitted. In the substituted answer of the defendants they allege, by way of special defense, in the first paragraph of the special defense, that they claim a right of way over and across the property of the plaintiff described in paragraph 1 of the substituted complaint. This right of way is described with reasonable accuracy. It is further claimed that they and their predecessors in title have used and enjoyed this right of way for all purposes and they have set out the characteristics of that claim by way of prescription and adverse possession.

In their second special defense, the defendants set out their claim as to what they say is the true division line between their land and the claimed land of the plaintiff.

In their third special defense, the defendants set up a specific claim respecting their land, based upon prescription,

and, again, the claimed boundary line between the lands of these litigants is definitely described and set up, both upon the theory of prescription and upon the theory of adverse possession.

In their fourth special defense these defendants set up that all the matters in question are *res judicata* and they claim that the matter has been definitely and finally adjudicated in a previous action between these parties and respecting the same subject matter, heard in the Court of Common Pleas in and for New Haven County, in which judgment is claimed to have been rendered in favor of the defendants on the 14th day of June, 1939.

The pleadings show, and upon the trial it was admitted, that the parties in this action and in the case in the Court of Common Pleas, No. 29263, were and are identical.

Taking up the claim of *res judicata*:

As to this issue the plaintiff says that the matter is not *res judicata* because, in the case in the Court of Common Pleas, No. 29263, while there was a judgment for the defendant, it was simply "for the defendants on the issues", and that no decree was entered quieting the title.

The plaintiff further sets out, in his brief, that "all that judgment [in the Court of Common Pleas] determined was that the defendants were not liable·for damages."

The plaintiff further says that "there can be no *res judicata* of the present issues because neither the boundary nor any right of way was found, nor was essential to the decision."

Taking up these elements in their detail:

The descriptions of the land of the plaintiff in the complaint in this action and in the action in the Court of Common Pleas, in which judgment was rendered on June 14, 1939, are, for all practical purposes, identical descriptions. There are a few words, more or less, in which there is a slight deviation, but the intended, and pleaded, description is the same in each action.

For all practical purposes the relief sought by the plaintiff in the former action and in the present action is the same.

In so far as the land is concerned, the parties are really in dispute as to two matters: (1) the boundary or dividing line between the two parties; (2) whether or not the defendants have a right of way over the plaintiff's land.

In the plaintiff's complaint in the present action, the general description of the plaintiff's general boundaries, as claimed, and of the claimed dividing line or boundary line between the two properties is the same.

The defendants have likewise set up, in both actions, the description which they claim is the correct description of their land and of the true division line, as claimed, between the land of these parties. In the amendment to the defendant's answer, filed in the former action on June 13, 1939, the defendants set out a description of the boundaries of their land, as claimed by them, and a precise description of the course and extent of what the defendants then claimed in that action was the true division line between the land of the parties.

That description is found in paragraph 3 of the amendment to the answer filed June 13, 1939, which I have marked as paper No. 12 in that action.

The description of the claimed division line filed in that amended answer in the former action is, for all practical purposes, substantially the same as the description of the claimed true division line set out by the defendants in the instant action, as appears in paragraph 1 of the second special defense, filed by the defendants in this action on December 17, 1942.

In their special defense in the former action, filed February 20, 1939, in the second defense to the second count of the plaintiff's complaint, the defendants alleged that they were entitled to the use of a right of way over the land of the plaintiff, and the location, extent and boundaries of the claimed right of way are specially set out in paragraphs 1 and 2, and the resulting claim of prescription is set out in paragraph 3 of the second defense.

The extent, location and dimension of that claimed right of way is, for all practical purposes, of the same description as that set out by way of special defense filed by the defendants on December 18, 1942, in the instant action.

It would appear that one of the plaintiff's claims respecting

the plea of *res judicata* is that the issues were merely "found for the defendants" in the former action, and that no affirmative action was prayed by the defendants and that, therefore, there was no settling of the disputes by that judgment.

In *Spencer vs. Mack,* 112 Conn. 17, at page 21, it appeared that, in that action, no affirmative action was prayed by the defendant, but that the "court entered a judgment finding all the issues for the defendant Mack." From that judgment no appeal was taken.

The conclusion of the Supreme Court was that "the foregoing analysis of these proceedings makes it clear that the location of this boundary line between the parties was adjudicated and determined." (Page 21.)

In that case it was further said: "A comparison of this prayer with that in the first case shows incontrovertibly that the relief sought is identical with that sought in the first case, and, as we have indicated, the vital issue in both cases was the location of the dividing line between the parties. Until the former judgment in favor of the defendant is reversed therefore, the plaintiff is not in a position to obtain the relief sought in the present action." (Page 22.)

And, further: "While the former judgment therefore would have been much more satisfactory to all parties if it had contained a detailed description of this line instead of adopting the language of the defendant's claim, yet it is sufficiently definite and certain to stand. It certainly makes the conclusion of the court as to location of the line, unquestionable." (Page 23.)

While it is concluded, in this case, that the causes are identical, nevertheless, in the *Spencer vs. Mack* case, at page 24, our Supreme Court said: "Even if the causes are not identical, but do raise an important identical issue, then the parties and their privies are concluded by the decision of that issue in a court of competent jurisdiction", citing *Ruocco vs. Logiocco,* 104 Conn. 585, 593; *Thomas' Appeal,* 85 id. 50, 53; *Scott vs. Scott,* 83 id. 634, 638; *Pavelka vs. St. Albert Soc.,* 82 id. 146, 147; *Wildman vs. Wildman,* 70 id. 700; *Huntley vs. Holt,* 59 id. 102, 107.

In *DiBlasi vs. DiBlasi,* 116 Conn. 699, at page 700, our Supreme Court said: "The trial court gave judgment for the defendant and the judgment-file states that 'the issues' were

found for him. This means all the essential issues, including those raised by the denial of paragraph seven."

"When all the material allegations put in issue in any action ....are found for either plaintiff or defendant, the finding of the issue or issues for the plaintiff or defendant, as the case may be, will be deemed equivalent to a finding that all material allegations which were put in issue are true, and will be a sufficient compliance with Gen. Stat., Sec. 5664." *Practice Book* (1934) §189, p. 66.

In this action the defendants' defense as to the plea of *res judicata* is found to have been sustained by the defendants upon the trial of this action.

The issue of *res judicata* is found in favor of the defendants.

Judgment may enter in their favor, and for them to recover their costs.