## CLIFFORD G. BENSON
*vs.*
## ANNA M. BENSON

Superior Court        Hartford County        File No. 70992-J

MEMORANDUM FILED FEBRUARY 20, 1945.

*John E. Whalen,* of Waterbury, for the Plaintiff.

*Isador M. Waxman,* of Hartford, for the Defendant.

INGLIS, J.   In this action the plaintiff seeks a divorce on the ground of intolerable cruelty.   The defendant has set up by way of special defense that the plaintiff in May, 1943, instituted another action for divorce on the ground of intolerable cruelty, that on January 31, 1944, after a trial, "the Honorable Judge William Shea filed a Memorandum of Decision denying the plaintiff's petition for divorce", and that the parties "have not been in contact with each other" since the latter date.   This of course purports to be a plea of *res judicata* and the demurrer is directed to this defense.

It seems to be agreed upon argument that there was a difference between the former action and this, in that in the former action the allegation was of intolerable cruelty starting in 1935 whereas in this the allegation is that it started in 1933. If this is the fact and that is the only difference, it does not nullify the plea of *res judicata.*   The doctrine of *res judicata* applies in at least two different sorts of situations.   It applies first to establish as proved forever such facts as have been once actually found in any lawsuit.   So if the pleadings in any lawsuit actually place in issue any question of fact and it appears that that fact was actually decided, the decision is binding on the parties and the privies whenever that fact again comes into question between them in any other case. In the second place, it applies as a matter of public policy to prevent the repetition of litigation to enforce the same cause of action.   If a judgment is once entered in an action in which one party alleges that a certain primary right of his has been violated by a certain delict of another party, the decision of that action is forever conclusive on those parties and their privies. That is, the question of whether the plaintiff's primary right has been violated by that particular delict may not be again litigated even though in the subsequent action the manner of the commission of the delict may be alleged as different. To put it another way, where there is identity of the causes of action, judgment in the former is a bar to the later even though the manner in which the wrong is accomplished may be

alleged differently in the two actions. Where there is such identity of causes of action, as distinguished from cases in which the doctrine of *res judicata* is used in a case where the cause of action is different merely to establish as proven a fact which has been already adjudicated, the decision of one action concludes the parties and their privies upon every fact which was or should have been litigated therein. *Ruocco vs. Logiocco*, 104 Conn. 585, 593; *Pavelka vs. St. Albert Society*, 82 *id.* 146; *Wildman vs. Wildman*, 70 *id.* 700.

It is clear that the cause of action set up in this case may well be identical with that alleged in the former action. It would seem to be the same claimed wrong which is sued upon in both. That is the wrong which constitutes intolerable cruelty. In both actions the plaintiff is standing on his same primary right, *i.e.*, the right to a peaceful married life. And he is claiming the same violation of that right, *i.e.*, a succession of acts on the part of the defendant which has culminated in a condition which has nullified the purposes of the marriage. If that is the situation, clearly the judgment in the former action is a bar to this action.

The trouble with the special defense, however, is that it does not allege that the cause of action here is identical with that involved in the former suit. Nor may that necessarily be inferred from the allegations of the defense. This may well be a defect of form rather than of substance, but it is a defect upon which the demurrer is stated and one upon which the demurrer must be sustained.

There is one other reason for sustaining the demurrer. That is that the plea does not allege that the former case ever went to judgement in the court. All that is alleged is that Judge Shea filed a memorandum of decision. It is not alleged either that the court as such decided the case or that judgment was ever entered on the memorandum of decision. Such an allegation of facts falls far short of being an allegation that judgment was entered in the former action. *Lusas vs. St. Patrick's Roman Catholic Church Corp.*, 123 Conn. 166.

For the reasons set forth in the last two paragraphs, the demurrer is sustained.